**Order entered January 2, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01068-CR
### No. 05-18-01069-CR

### ROBERT HOWARD GREEN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 283rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause Nos. F16-76425-T & F16-76426-T

## ORDER

We **REINSTATE** these appeals.

We abated the appeals because of issues regarding the reporter's record. On November 26, 2019, the trial court filed its findings of fact from the October 17, 2019 hearing. We **ADOPT** the findings that:

- Appellant desires to prosecute his appeal;

- Appellant is indigent and entitled to proceed without payment of costs for the reporter's record. Bruce Kaye is appellant's court-appointed appellate counsel and has provided effective assistance throughout the appeal.

- A portion of the reporter's record has been lost. The lost record concerns the testimony of two State's witnesses on the morning of August 30, 2018: the entire testimony of Dr. Kristen Reeder with the REACH Clinic at Children's Medical

Center and a portion of the testimony of Detective Blayne Burgess with the Dallas Police Department.

- The parties cannot agree on reconstruction or replacement of the lost portion of the record.

- The trial court could not determine what constitutes an accurate copy of the missing record.

- Appellant timely requested the reporter's record and is not at fault for the lost portion of the record.

- The original trial judge who heard the trial of these cases was Quay Parker and is deceased.

- The trial court cannot resolve the issue of whether or not the lost portion of the record does or does not constitute a significant portion of the reporter's record and therefore cannot determine whether the lost portion of the reporter's record is or is not necessary to the resolution of the appeal.

- The two court reporters on the case were Sharina Fowler and Debi Harris. Ms. Fowler informed the trial court at the hearing that the delay in filing, and ultimately the inability to file, her portion of the record was the result of the removal of her records and notes from her office without her knowledge or consent while she was on FMLA leave. Ms. Fowler informed the trial court that after an exhaustive search, she was unable to locate the records. The trial court found Ms. Fowler to be credible and found that the missing portions of the record cannot be recovered.

- Due to the appeal being abated, Ms. Harris has not completed her portion of the trial record.

We **ORDER** court reporter Debi Harris to file her portion of the reporter's record within **THIRTY DAYS** of the date of this order. Once the remaining portion of the reporter's record has been filed, appellant's brief will be due. Any complaints or arguments about the missing portions of the reporter's record may be raised in the parties' briefs.

We **DIRECT** the Clerk to send copies of this order to the Honorable Lela Mays, Presiding Judge, 283rd Judicial District Court; the Honorable Gary Stephens, Presiding Judge, Auxiliary Court No. 8; court reporter Debi Harris; court reporter Sharina Fowler; and to counsel

for all parties.

/s/    ROBERT D. BURNS, III
CHIEF JUSTICE